IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PALMER STEEL SUPPLIES, INC.,

        Plaintiff,

v.

AIM STEEL INTERNATIONAL,
INC. and B.L. HARBERT
INTERNATIONAL, LLC,

        Defendants.

1:15-cv-4058-WSD

## OPINION AND ORDER

On November 19, 2015, Plaintiff Palmer Steel Supplies, Inc. ("Plaintiff") filed its Complaint [1] against Defendants AIM Steel International, Inc. and B.L. Harbert International, LLC ("Defendants"), alleging, among other state law claims, claims for breach of contract and conversion.

The Complaint states that Defendant B.L. Harbert International, LLC (the "LLC") is "a Delaware corporation with its principal place of business located at 820 Shades Creek Parkway, Birmingham, Alabama 35209." (Compl. ¶ 4).

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Id. ¶ 7). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from

any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which

one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

The Complaint states that the LLC is "a Delaware corporation with its principal place of business located at 820 Shades Creek Parkway, Birmingham, Alabama 35209."  (Compl. ¶ 4).  This allegation is insufficient to allege the LLC's citizenship, because a limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens, 374 F.3d at 1022.  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

To determine whether the Court has jurisdiction over this action, the Complaint must allege more specific information regarding the LLC's citizenship.  Accordingly, Plaintiff is required to file an amended complaint properly alleging the LLC's citizenship.  The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show

the Court's jurisdiction. See id. at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Palmer Steel Supplies, Inc. must file, on or before May 20, 2016, and amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 9th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE